PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW JAMES SARNOWSKI,<br><br>Defendant. | Case No: 1:20-cr-00169-DAD-BAM<br><br>**STIPULATION TO CONTINUE OCTOBER 13, 2021 STATUS CONFERENCE TO JANUARY 12, 2022; ORDER**<br><br>Ctrm:   8<br><br>Hon. Barbara A. McAuliffe |

     This case is set for a status conference on Wednesday, October 13, 2021.  Dkt. 21.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice."  Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

///

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Eric V. Kersten, counsel for defendant Andrew James Sarnowski ("defendant"), that this action's **Wednesday, October 13, 2021 status conference be continued to Wednesday, January 12, 2022, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The grand jury returned an indictment regarding this matter on September 24, 2020. Dkt. 11. Since that time, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties

3

without redactions, which the court endorsed by way of formal order on September 29, 2020. Dkt. 14.  The government then prepared and delivered an initial set of discovery to defense counsel afterwards, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440.  The defense is and has been reviewing discovery thus far provided.

2. In February 2021, counsel for the government received additional information (in the form of a variety of audio recordings) from agents in this case.  The government prepared these recordings as supplemental discovery and delivered them to the defense.  The government is also in the process of determining the extent that the multiple FBI offices involved in the case (respectively located in Los Angeles, Ventura, and Bakersfield) possess additional information that could be produced as further supplemental discovery in this case.

3. As defense counsel completes his analysis of all discovery produced in this case, counsel for the government will work with the defense and the FBI's Bakersfield office to ensure that the defense is able to also timely review any electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act.  As referenced in the Indictment, this case involves several electronic devices.  Defense counsel has indicated that he intends for someone on the defense team to review this electronic evidence within the next several weeks.  Counsel for the government has discussed this pending review with agents involved in the case, and they will ensure that all such evidence is located at the FBI's Bakersfield office by the time this review commences.

4. Since the parties' last scheduled status conference, counsel have engaged in meaningful discussions regarding the extent this case might be resolved short of trial.  These discussions continued through this past week, and pursuant to the same the government anticipates having a draft plea agreement ready for management's review by Sunday, October 3, 2021 or Monday, October 4, 2021 and then presented to defense counsel within roughly 48 hours thereafter.  This document has largely been completed, pursuant to the government's reviewing portions of the discovery file relevant to its contents.

5. The parties therefore stipulate that the period of time from October 13, 2021, through January

12, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  September 29, 2021                    PHILLIP A. TALBERT
                                              Acting United States Attorney

                                              By: /s/ Brian W. Enos
                                                  Brian W. Enos
                                                  Assistant United States Attorney


                                              (*As authorized 9/29/21*)

Dated: September 29, 2021          By:   /s/ Eric V. Kersten
                                         Eric V. Kersten, Esq.
                                         Attorney for Defendant
                                         Andrew James Sarnowski

**O R D E R**

IT IS ORDERED that the status hearing currently set for October 13, 2021 at 1:00 pm is continued until **January 12, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from October 13, 2021 through January 12, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 29, 2021**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE