PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW JAMES SARNOWSKI,<br><br>　　　　　Defendant. | Case No: 1:20-cr-00169-DAD-BAM<br><br>**STIPULATION TO: (1) VACATE JUNE 8, 2022 STATUS CONFERENCE; (2) SET APRIL 24, 2023 TRIAL CONFIRMATION HEARING; AND (3) SET MAY 16, 2023 TRIAL DATE; AND ORDER**<br><br>Ctrm:　8<br><br>Hon. Barbara A. McAuliffe |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Assistant Federal Defendant, Eric V. Kersten, on behalf of defendant Andrew James Sarnowski ("Sarnowski"), that this action's: (1) June 8, 2022 status conference be vacated; (2) trial confirmation hearing be set for Monday, April 24, 2023; and (3) trial date be set for Tuesday, May 16, 2023.

This case is set for a status conference on Wednesday, June 8, 2022. Dkt. 33. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue

1

matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

2

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

1. The grand jury returned an indictment regarding this matter on September 24, 2020, alleging counts including sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) [Count One]; Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2) [Count Two]; and two final counts of Receipt of Material

3

Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2) [Counts Three and Four]. Dkt. 11.  On May 18, 2022, the court issued a minute order "direct[ing the parties] to meet and confer and select a mutually convenient date for trial." Dkt. 33.  Within this same order, the court further advised that "the parties may stipulate to the trial date, with an appropriate exclusion of time." Ibid.

2. The parties have since met and conferred about both a trial confirmation hearing and trial date, and cleared these dates with chambers.  In light of these efforts, the parties ask the court to endorse their stipulation to set the trial confirmation to take place on Monday, April 24, 2023, at 8:30am in Courtroom 5, and further set trial to commence on Tuesday, May 16, 2023, at 8:30am in Courtroom 5.  The parties estimate that trial should be completed within 4-5 full days.

3. The parties continue to be engaged in plea negotiations, and are hopeful that an agreement might be reached that will eliminate the need for trial.  If this matter is not resolved prior to trial, however, defense counsel will need additional time to investigate the case including potential defenses, hire and interact with experts, review electronic evidence in accord with 18 U.S.C. § 3509 of the Adam Walsh Act, contact potential witnesses, complete its review of discovery and supplemental discovery, and communicate with Mr. Sarnowski.  Counsel for the government will ensure that any additional information that it locates and should be produced pursuant to Rule 16 is indeed identified and produced.

4. The parties identified the May 16, 2023 trial date in light of its analyses of relevant trial calendars, agent and other witness availability, as well as a reluctance to participate absent evidence of their safety, as at least one of this matter's attorneys is a member of a vulnerable population group.

5. The parties therefore stipulate that the period of time from June 8, 2022, through May 16, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the

4

best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  May 31, 2022     PHILLIP A. TALBERT
                         United States Attorney

                    By:  /s/ Brian W. Enos
                         Brian W. Enos
                         Assistant United States Attorney

                         (*As authorized 5/31/22*)

Dated: May 31, 2022 By:  /s/ Eric V. Kersten
                         Eric V. Kersten, Esq.
                         Attorney for Defendant
                         Andrew James Sarnowski

**O R D E R**

IT IS ORDERED that

(1) the status hearing currently set for Wednesday, **June 8, 2022, at 1:00 pm in Courtroom 8 is vacated**;

(2) a trial confirmation hearing is set to be heard on **Monday, April 24, 2023, at 8:30 am** in Courtroom 5; and

(3) jury trial (4-5 days) is set to commence in Courtroom 5 on **Tuesday, May 16, 2023, at 8:30 am**.

IT IS FURTHER ORDERED THAT the period of time from June 8, 2022 through May 16, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **May 31, 2022**                         /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE